## HOOPER v. OWENS.

A suit to rescind the sale of a slave, cannot be sustained where the plaintiff has been guilty of neglect in not promptly giving her the benefit of medical treatment.

APPEAL from the Second District Court of New Orleans, *Lea, J. Vandalson*, for plaintiff. *T. W. Collins*, for defendant. By the court:

EUSTIS, C. J. For the reasons given by the district judge; judgment affirmed.

The reasons of the District Judge: " Plaintiff sues for a rescision of a sale of a slave *(Elizabeth)* sold to him by defendant, on the ground that she was unsound at the time of the sale, and her disease is such as to render her unfit for the purposes for which she was sold. The evidence, which is however somewhat conflicting, appears to establish the fact that the slave is affected with abdominal dropsy, owing to some affection either of the womb or liver. On this point, the testimony of the physicians is conflicting. It is highly probable that the disease existed at the time of the sale, but it is not shown that she received medical treatment before the month of August, 1850. The sale was passed on the 25th February, 1850. This fact alone is, in my opinion, an insuperable barrier to a recovery· See *Stackhouse* v. *Kendall.*[*] The physician, *Dr. McIlhenny*, who treated her, says, that at the time he first saw her, in August, she was incur-

---

[*] Decided 14th April, 1851, by *Rost*, J., but not reported. See Appendix.

able, but that he cannot say that if she had received good medical treatment within the first three months after the sale, she might not have been cured.   *Dr. Compton's* testimony sustains this opinion, and they are both witnesses for plaintiff.   Under these circumstances, it appears to me unnecessary to enter into an analysis of the testimony, for the purpose of fixing the precise time when, or the cause whence the disease originated; no conclusion, having the character of legal certainty, can be drawn from it.   I think the defendant is entitled to a final judgment in her favor.

"The court, after duly considering this case, for the reasons assigned in the written opinion, this day delivered and on file:  It is ordered, adjudged, and decreed, that there be judgment in favor of defendant, *Helen Owens*, and against the plaintiff, *Levi E. Hooper*."